HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
CHRISTINA M. CORCORAN, NY Bar #5118427
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
SEBASTIAN ALYXANDER NEWMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SEBASTIAN ALYXANDER NEWMAN,<br><br>Defendant. | Case No. 1:20-cr-00075-DAD<br><br>DEFENDANT SEBASTIAN NEWMAN'S **UNOPPOSED** MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; ORDER<br><br>Hon. Dale A. Drozd |

Defendant Sebastian Newman, through his attorney, Assistant Federal Defender Christina M. Corcoran, hereby moves this Court for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). This motion is unopposed by all parties—including the Probation Office, the United States Attorney's Office for the District of Utah, which handled the prosecution, and the United States Attorney's Office for the Eastern District of California.

**PROCEDURAL HISTORY**

On August 9, 2017, Mr. Newman was charged with a violation of 18 U.S.C. § 922(g)(1) in the District of Utah. ECF Dkt. # 3, at 6-7 (indictment); *see also* 2:17-cr-00466-DS (Utah case, at Dkt. # 1).  Mr. Newman immediately accepted responsibility and put his case on for a change of plea within two months of his arraignment. ECF Dkt. # 3, at 3.  On January 3, 2018, the Court sentenced Mr. Newman to a term of 24-months. ECF Dkt. # 3, at 4.

Mr. Newman's three-year term of supervised release commenced on September 16, 2019.

On April 16, 2020, jurisdiction was transferred from the District of Utah to the Eastern District of California.  ECF Dkt. # 2.

Over the last 28 months of supervision, Mr. Newman has remained in compliance with all terms and conditions of his supervised release.  As set forth in more detail below, he has come a long way since the time of the offense five years ago.  He has relocated from Utah to California, where he lives with and supports his grandmother.  He has exceled at his job and chooses to work more than 60 hours per week.  And, most importantly, he has earned the confidence of his Probation Officer, Chris Frausto, who recommends his early termination from supervision.

## LEGAL STANDARD

Title 18, United States Code, Section 3583(e)(1) provides that a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also* 18 U.S.C. § 3564(c).  Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense, and history and circumstances of defendant); 3553(a)(2)(b)(adequate deterrence to criminal conduct); 3553(a)(2)(C) (protect public from further crimes of defendant); (a)(2)(D)(provide needed training, care, or treatment); (a)(4) (kinds of sentence available); (a)(5) (policy statements); (a)(6) (avoid unwarranted disparities); and (a)(7) (restitution).

Termination of supervised release is not limited to cases of "exceptionally good behavior." *See United States v. Ponce*, 2022 U.S. App. LEXIS 726 (9th Cir. 2022) (rejecting the "exceptional behavior" rule as incorrect as a matter of law).  Rather, the "district court enjoys discretion to consider *a* wide range of circumstances when determining whether to grant early termination." *Ponce*, 2022 U.S. App. LEXIS 726, at 5-6 (quoting United *States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) and 18 U.S.C. § 3583(e)(1)).

On February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District

Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id.*

## FACTUAL BASIS SUPPORTING MOTION

Sebastian Newman's supervision was transferred to the Eastern District of California because he relocated to Modesto to live with and support his 73-year-old grandmother, Pauline Knight. Ms. Knight writes to the Court about how well Mr. Newman has been doing and the significance of his contribution to her life. *See* Ex. A (Letter from Pauline Knight) ("Sebastian was a wonderful surprise. He got a job and has worked everyday scheduled and many hours of overtime. He pays for his room and board on time every week. . . He helps me around the house and anything I might need. He is a joy to have here.").

Mr. Newman chooses to work as much as he can to support himself and his grandmother. He works significant overtime at his job at Farmer's Warehouse in Ceres—consistently putting in more than 60 hours per week and taking shifts that last until one o'clock in the morning. In that role, he takes on a variety of different responsibilities, including driving forklifts, loading and moving trucks, unloading trailers, and restocking shelves, among many other tasks. He has been excelling and has earned a raise in recognition of his good work.

Mr. Newman has grown tremendously since the time of the offense. He has overcome his drug addiction to methamphetamine and has been clean for approximately six years. He successfully completed drug treatment programs, including a 6-month program, followed by ongoing treatment three times per week, which was reduced to once per week group therapy. As a result, Probation no longer requires Mr. Newman to participate in drug testing.

Mr. Newman has made an admirable amount of personal progress. His background,

including exposure and addiction to drugs as a preteen, homelessness, and emancipation from his parents following an abusive relationship with his stepfather, is but a distant memory.  He now takes pride in his sobriety, in his work, and his commitment to caring for his grandmother.

In recognition of Mr. Newman's excellent conduct under supervision, his Probation Officer, Chris Frausto, supports and recommends the early termination of his supervision. Mr. Newman has demonstrated that he is more than capable of living a law-abiding life and being a productive member of society. Further supervised release is not necessary to protect the public. As such, termination of his supervision at this time will allow the Probation Office to focus its resources on offenders who continue to pose the greatest risk of recidivism.

Prior to the filing of this motion, undersigned counsel reached out to the United States Attorney's Office for the District of Utah, which handled the prosecution.  After conferring with Probation, they have no objection to the early termination of Mr. Newman's supervised release. Counsel also reached out to the U.S. Attorney's Office for the Eastern District of California, and they likewise have no opposition to this motion.

## IV.     CONCLUSION

Based on the foregoing, Mr. Newman respectfully requests that this Court grant his unopposed motion for early termination of supervised release.


Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: January 20, 2022        */s/ Christina M. Corcoran*
CHRISTINA M. CORCORAN
Assistant Federal Defender
Attorney for Defendant
SEBASTIAN ALYXANDER NEWMAN

**ORDER**

Pursuant to 18 U.S.C. § 3583(e), the Court hereby terminates Defendant Sebastian Newman's term of supervised release.

IT IS SO ORDERED.

Dated: __**January 20, 2022**__     _____
UNITED STATES DISTRICT JUDGE

5